FARMERS' LOAN & TRUST CO., EXECUTOR OF THE WILL OF JAMES A. BENEDICT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21621. Promulgated May 9, 1929.

*Lawrence A. Baker, Esq.*, for the petitioner.
*P. M. Clark, Esq.*, and *C. C. Holmes, Esq.*, for the respondent.

440

OPINION.

SIEFKIN: Two errors were originally alleged in the petition, but the assignment of error with respect to inheritance tax paid by the estate is now admitted to be error by the respondent and is not in issue.

The other question relates to whether the sum of $20,000 advanced to the decedent's daughter in 1922, with an agreement that she should pay interest on that amount during the decedent's lifetime, is a gift intended to take effect in possession or enjoyment at or after death within the meaning of the Revenue Act of 1921. It is admitted by the respondent that the transfer is not in contemplation of death.

The petitioner cites and relies upon the decision of the Court of Claims in *Lincoln* v. *United States*, 65 Ct. Cls. 198, decided April 2, 1928, and on the approval of that case in *Security Trust & Savings Bank*, 11 B. T. A. 833, and the cases of *Seymour Johnson*, 10 B. T. A. 411; *Polk* v. *Miles*, 268 Fed. 175; *Bradley* v. *Nichols*, 13 Fed. (2d) 857; and *Farmers Loan & Trust Co.* v. *Bowers*, 29 Fed. (2d) 14. The respondent, on his part, calls attention to the case of *Rienecke* v. *Northern Trust Co.*, 278 U. S. 339, and *Chase National Bank* v. *United States*, 278 U. S. 327.

From the agreed facts we consider the gift of $20,000 to the decedent's daughter to have been full and complete on June 2, 1922. All interest in the money passed out of the decedent at that time and he took only a personal obligation from his daughter to pay a specified sum quarterly. There is nothing in the facts from which we can fairly conclude that the money or the property purchased with the money was chargeable with the payment of the specified sum. On the contrary, it seems clear that the gift was complete at that time and was not intended to take effect in possession or enjoyment at or after death. Neither possession or enjoyment vested at or after death. Both possession and enjoyment were given on June 2, 1922, to his daughter.

*Judgment will be entered under Rule 50.*